## O'NEAL v. O'NEAL.
### Civ. A. No. 1266–48.

United States District Court
District of Columbia.

Oct. 29, 1948.

Alvin L. Newmyer, of Washington, D. C., for plaintiff.

John Alexander, of Washington, D. C., for defendant.

LAWS, Chief Judge:

Plaintiff brought suit for a limited divorce on the ground of cruelty and prayed that her husband be required to vacate possession of the premises occupied as their matrimonial domicile. Defendant made a counter claim for limited divorce on the ground of cruelty.

From the evidence adduced at the trial, it was established without contradiction that before marriage the wife purchased the property with her own funds. It further was proved that because of marital difficulties the parties have lived in different rooms of the house for more than two years. On occasional instances the husband committed acts of hostility to the wife. Once when the husband found himself locked out of the house and his wife would not let him in, he kicked the front door open and when his wife would not give him his key, he broke open her bedroom door to get one. As a result, the wife called the police. The testimony at the trial indicated that the wife committed annoying and hostile acts toward the husband. However, since neither the acts of the husband nor those of the wife impressed me as being of such continuing character or sufficiently grievous to constitute legal cruelty, I announced at the conclusion of the trial that the petitions of both parties for limited divorce would be denied. The question of the requirement of the husband to vacate the premises was left undecided.

Plaintiff contends this relief should be granted, notwithstanding her grounds for a limited divorce have been held insufficient. Defendant argues this Court is without power to enforce a separation between husband and wife when the husband has been found to have been without legal fault or dereliction.

I find the parties at the present time are incompatible. Testimony at the trial indicated the wife has a nervous temperament and has received treatment for nerves by physicians on several occasions. The incident of the husband's having kicked in two doors of the house was disturbing to the wife and it is apparent the presence of the husband aggravates the nervous condition of the wife. Ordinarily, where a divorce is denied, there is doubt whether the Court should compel the husband to move from the marital domicile, but where the continued presence of the husband in the marital abode, which is the separate property of the wife, constitutes a threat to her health, and the parties already have voluntarily separated, it seems proper that the Court should require the husband to move from the home upon petition of the wife.

The complaint and cross complaint for limited divorce will be dismissed. Plaintiff's prayer for an order to compel the husband to vacate the premises will be granted. The husband will be granted 10 days within which to vacate.